UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES H. RASHID,  :  | Civil Action No. 15-5233 (PGS) |
| Petitioner,  : | |
| v.  : | OPINION |
| ATTORNEY GEN. OF NEW JERSEY,  : et al.,  | |
| Respondents.  : | |

**SHERIDAN**, District Judge

Petitioner Charles H. Rashid ("Petitioner"), confined at New Jersey State Prison, Trenton, New Jersey, filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"), challenging his conviction by the State of New Jersey for murder, N.J.S.A. 2C:11-3(a)(1) and (2); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); fourth-degree possession of a weapon under circumstances not manifestly appropriate for lawful use, N.J.S.A. 2C:39-5(d); two counts of third-degree hindering apprehension or prosecution, N.J.S.A. 2C:29-3(b)(1) and (b)(4); and fourth-degree tampering with physical evidence, N.J.S.A. 2C:28-6(1). At this time, the Court must screen the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases to determine if the Petition should be dismissed because Petitioner is not entitled to relief. For the reasons expressed below, and because the Petition, as drafted and read in light of the state court decisions which are available electronically, shows that the claims are time barred, this Court will dismiss the Petition as untimely and deny a certificate of appealability.

However, because this Court cannot rule out the possibility that Petitioner might have valid grounds for statutory and/or equitable tolling of the instant Petition (which are not set forth in Petitioner's submissions), and he might wish to raise these grounds to show timeliness of his Petition, this Court will grant Petitioner 30 days to file a written statement which sets forth detailed tolling arguments not considered in this Opinion, or otherwise presents an argument that the Petition is not untimely. This Court will administratively terminate the case at this time for statistical purposes, but will retain jurisdiction over the Petition during this 30–day period and reopen the file to consider Petitioner's arguments in the event that he raises them within this period.

## I. BACKGROUND

The Court recounts only the facts relevant to this Opinion. Following a jury trial in 2004, Petitioner was found guilty of first-degree murder, N.J.S.A. 2C:11–3(a)(1) and (2); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39–4(d); fourth-degree possession of a weapon under circumstances not manifestly appropriate for lawful use, N.J.S.A. 2C:39–5(d); two counts of third-degree hindering apprehension or prosecution, N.J.S.A. 2C:29–3(b)(1) and (b)(4); and fourth-degree tampering with physical evidence, N.J.S.A. 2C:28–6(1). *State v. Rashid*, No. A–3853–04, 2008 WL 4092819 (N.J. Super. Ct. App. Div. Sept. 5, 2008). Petitioner was sentenced to an aggregate sixty-five-year term of imprisonment with an eighty-five percent period of parole ineligibility under the No Early Release Act (NERA), N.J.S.A. 2C:43–7.2. *Id.* In an unpublished opinion, the Appellate Division affirmed Petitioner's conviction, but vacated the sentence and remanded for re-sentencing because the court should not have considered, as an aggravating factor, N.J.S.A. 2C:44–1(a)(4). *Id.* On November 25, 2008, the New Jersey Supreme Court denied the petition for certification. *State v. Rashid*, 960 A.2d 745 (N.J. 2008).

On April 27, 2009, Petitioner filed a petition for post-conviction relief ("PCR"). *State v. Rashid*, No. A-1858-11T4, 2013 WL 6670260, at *1 (N.J. Super. Ct. App. Div. Dec. 19, 2013). On July 27, 20011, the PCR court denied relief. (Pet'r's Br., App. A.) The Appellate Division affirmed the denial on appeal, *State v. Rashid*, No. A-1858-11T4, 2013 WL 6670260, and the New Jersey Supreme Court denied certification on July 10, 2014, *State v. Rashid*, 94 A.3d 913 (N.J. 2014). On January 12, 2015, the United States Supreme Court denied the petition for writ of certiorari. *Rashid v. New Jersey*, 135 S. Ct. 965, 190 L. Ed. 2d 852 (2015). On June 23, 2015, Petitioner filed the instant Petition. (ECF No. 1.)

## II. DISCUSSION

### A. Legal Standard

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury. 28 U.S.C. § 2254 Rule 2(c).

Habeas Rule 4 requires a judge to *sua sponte* dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4. Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856. Dismissal without the filing of an answer or the State court record has been found warranted when "it appears on the face of the petition that petitioner is not entitled to relief." *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985); *see also McFarland*, 512 U.S. at 856; *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be

dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

**B. Analysis**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Relevant for purposes of this case, the limitations period begins to run when the judgment becomes "final."[1] A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90–day period for filing a petition for writ of certiorari in the Supreme Court of the United States. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n. 1 (3d Cir. 1999); U.S. Sup.Ct. R. 13; *see also* 28 U.S.C. § 2244(d)(1)(A) (the 1-year period begins on "the date on which the judgment became final by the conclusion of direct

---

[1] The statute states in full that the limitation period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence ....

28 U.S.C. § 2244(d)(1). There is no indication in the Petition that any subsection other than (A) is applicable here.

review or the expiration of the time for seeking such review"). Based on the statutory language, the Supreme Court has held that even when a defendant does not file a petition for certiorari with the United States Supreme Court on direct review, the AEDPA 1-year limitations period starts to run when the time for seeking such review expires. *Gonzalez v. Thaler*, —— U.S. ——, ——, 132 S.Ct. 641, 653, 181 L.Ed.2d 619 (2012); *Clay v. U.S.*, 537 U.S. 522, 532 (2003); *Morris*, 187 F.3d at 337 n. 1 (holding that the period of direct review "include[s] the 90–day period for filing a petition for writ of certiorari in the United States Supreme Court").

Where applicable, the 1-year limitation period is tolled during the time that a valid state post-conviction review is pending. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, *Carey v. Saffold*, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed. *Swartz v. Meyers*, 204 F.3d at 420–24. This tolling does not include any petition for writ of certiorari in the United States Supreme Court for review of a denial of post-conviction relief. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n. 5 (3d Cir. 2013) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)).

A petitioner also may be able to overcome the time bar if he can show a basis for equitable tolling. The Supreme Court has stated that, "[g]enerally, a litigant seeking equitable tolling [of the AEDPA statute of limitations] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."

*Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Jenkins*, 705 F.3d at 89. "There are no bright lines in determining whether equitable tolling is warranted in a given case." *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). The Third Circuit has explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine." *Ross v. Varano*, 712 F.3d 784 (3d Cir. 2013) (citing *Pabon*, 654 F.3d at 399; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

With respect to the diligence that is necessary for equitable tolling, the Third Circuit has stated that:

> The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence. *Holland*, 130 S.Ct. at 2565. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005).... The fact that a petitioner is proceeding pro se does not insulate him from the "reasonable diligence" inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling. *See Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003).

*Ross*, 712 F.3d 784. Extraordinary circumstances may be found where: (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (citing *Jones*, 195 F.3d at 159). However, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Id.* (citations omitted).

Here, Petitioner's conviction became final on February 23, 2009, 90 days after the New Jersey Supreme Court denied the petition for certification on direct review. Petitioner filed his PCR petition on April 27, 2009, after 63 days of Petitioner's 1-year limitations period had already

elapsed. The limitations period was statutorily tolled during his PCR proceedings, from April 27, 2009 until July 10, 2014, when the New Jersey Supreme Court denied the petition for certification.[2] On July 11, 2014, Petitioner's limitations period began running again and expired 302 days later, on May 9, 2015. Since Petitioner did not submit his habeas petition to this Court until June 23, 2015, his Petition was filed 45 days beyond the 1-year limitations period and absent equitable tolling, the Petition must be dismissed as time barred.

In this case, nothing in Petitioner's submissions insinuates that he was prevented from asserting his claims by extraordinary circumstances, or that he exercised reasonable diligence in pursuing his rights. Under these circumstances, equitable tolling of the statute of limitations does not appear to be warranted. And because nothing indicates that the interests of justice would be better served by addressing the merits of the Petition, see Day, 547 U.S. at 210, this Court will dismiss the Petition as time barred.

The Court, however, cannot rule out the possibility that Petitioner might have valid grounds for statutory and/or equitable tolling of the instant Petition, or that he may be able to argue that the limitations period is governed by § 2244(d)(1)(B), (C) or (D). See Day, 547 U.S. at 210 (before acting on timeliness of petition, court must accord Petitioner fair notice and an opportunity to present his position). This Court will accordingly grant Petitioner 30 days to file a written statement which sets forth detailed tolling arguments, or otherwise presents an argument that the Petition is not untimely. This Court will administratively terminate the case at this time for statistical purposes, but will retain jurisdiction over the Petition during this 30-day period and reopen the file to consider Petitioner's arguments in the event that he raises them within this period.

---

[2] Though Petitioner filed a petition for a writ of certiorari with the United States Supreme Court, that filing does not toll the limitations period on collateral review. Lawrence, 549 U.S. at 332 (2007).

See *Wanger v. Hayman*, Docket No. 09–6307(SRC) order dismissing pet. (D.N.J. Jan. 3, 2011), COA denied, C.A. No. 11–1375 (3d Cir. May 26, 2011); *Tozer v. Powers*, Docket No. 08–2432(RMB) order dismissing pet. (D.N.J., June 30, 2008), COA denied, C.A. No. 08–3259 (3d Cir. Dec. 11, 2008).

## III. CERTIFICATE OF APPEALABILITY

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

## IV. CONCLUSION

Based on the foregoing, the Court dismisses the Petition as untimely and denies a certificate of appealability.

Dated:

                                                   Peter G. Sheridan, U.S.D.J.