UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES H. RASHID, : <br> : <br> Petitioner, : <br> : <br> v. : <br> : <br> THE ATTORNEY GENERAL OF THE : <br> STATE OF NEW JERSEY, et al. : <br> : <br> Respondents. : | Civil Action No. 15-5233 (PGS) <br><br> **MEMORANDUM AND ORDER** |

This matter has come before the Court on the Petition for Writ of Habeas Corpus of Petitioner Charles H. Rashid, for relief under 28 U.S.C. § 2254. The Court previous dismissed the Petition as time-barred, but afforded Petitioner 30 days to present arguments for equitable tolling. ECF No. 3. Presently before the Court is Petitioner's response to that order, ECF No. 4.

In his response, Petitioner blames his attorneys for late filings that occurred during his state proceedings for post-conviction relief ("PCR"). However, the late filings during the PCR proceedings was not the dispositive reason why the Court dismissed the Petition as time-barred. As the Court explained in its previous opinion, the Petition is time-barred due to the fact that Petitioner elected to file his federal habeas petition 347 days after his PCR proceedings concluded which, coupled with the relatively-short 63 days Petitioner initially took to file his PCR application, caused his one-year limitations period to expire. ECF No. 2 at 6-7. In essence, Petitioner is to blame for the lateness of the Petition because he waited too long to file his federal habeas petition.

Petitioner raises only one argument addressing this lateness, blaming his PCR attorneys for misleading him into believing that he had one full year after his PCR proceedings concluded to

file his federal habeas petition. However, "attorney malfeasance or non-feasance is typically not an 'extraordinary circumstance' which justifies equitable tolling." *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (citing *Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004)); *see Valerio v. United States*, No. 15-1906, 2015 WL 4086577, at *3 (D.N.J. July 6, 2015). Even when an attorney *promised* to file an appeal, but did not, is not a ground for equitable tolling in this circuit. *See Schlueter*, 384 F.3d at 76-77. Indeed, as the Supreme Court has held, an attorney's miscalculation of the filing deadline is not a ground for equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) ("Lawrence argues that his counsel's mistake in miscalculating the limitations period entitles him to equitable tolling. If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline. Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."); *see also Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) ("In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling.").

Even assuming Petitioner was giving the wrong information by his attorneys, no one instructed him to wait until the last minute to file his federal habeas petition. Equitable tolling is only available when an extraordinary circumstance *prevented* Petitioner from making a timely filing. *See Rinaldi v. Gillis*, 248 F. App'x 371, 381 (3d Cir. 2007) (finding that equitable tolling was not warranted for the alleged extraordinary circumstance that occurred, when the petitioner still had one-and-one-half months to make a timely filing). As the Supreme Court elegantly opined, "[h]ad petitioner advanced his claims within a reasonable time of their availability, he would not now be facing any time problem." *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005).

Petitioner may have been ignorant of the law, but that has never been held as a valid reason for granting equitable tolling. *See Phillips v. Nogan*, No. 14-4933, 2015 WL 2090247, at *4 (D.N.J. May 4, 2015); *Ayers v. Phelps*, 723 F. Supp. 2d 718, 722 (D. Del. 2010) ("[L]ack of legal knowledge or miscalculation regarding the . . . filing period" does not excuse an untimely filing); *Covert v. Tennis*, No. 06-421, 2008 WL 4861449, at *5 (M.D. Pa. Nov. 7, 2008) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."). Accordingly,

IT IS on this __23__ day of __July__, 2017,

**ORDERED** that Petitioner's response to the Court's July 30, 2015 Order, construed as a request for reconsideration, is hereby **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail, and shall **CLOSE** the file.

_____
Peter G. Sheridan
United States District Judge